UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMMERCIALIZADORA PORTIMEX,                    CIVIL ACTION
S.A. DE CV

VERSUS                                         NO: 02-1185

ZEN-NOH GRAIN CORPORATION                      SECTION: "R" (1)

## ORDER

Defendant Zen-Noh Grain Corporation has moved to hold
plaintiff Commercializadora Portimex, S.A. de CV in civil
contempt for failing to comply with this Court's amended judgment
of June 21, 2005, in which the Court preliminarily and
permanently enjoined Portimex from pursuing an action it filed
against Zen-Noh in Mexico and further ordered Portimex to dismiss
the action with prejudice by Tuesday, June 28, 2005.  Zen-Noh
requests that the Court hold Portimex in civil contempt and
impose coercive and compensatory sanctions because Portimex has
not dismissed the action as required by the Court's order.  For
the following reasons, the Court GRANTS Zen-Noh's motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Portimex is a Mexican corporation engaged in the importation

of grain, including sorghum.  Zen-Noh is a Louisiana corporation
that exports grain, including sorghum, from its grain elevator on
the Mississippi River in Convent, Louisiana.  In two separate
contracts, Portimex agreed to buy and Zen-Noh agreed to sell two
shipments of sorghum.  Because Portimex intended to sell the
sorghum for use as animal feed, it specified that the sorghum
contain a maximum 100 parts per billion of zearlenone, to be
certified by an independent laboratory.  Zearlenone is a
mycotoxin, a by-product of mold, that can cause harm to animals
if ingested.

On April 19, 2002, Portimex filed a lawsuit in this Court
against Zen-Noh in which it alleged that Zen-Noh breached both
contracts by delivering sorghum with zearlenone in excess of the
contractual limit.  On September 12, 2002, the Court granted
defendant's motion for summary judgment as to the first shipment
of sorghum, finding that Zen-Noh fully complied with its
contractual obligations.[1]  The Court held a three-day trial on
Portimex's claims regarding the second shipment of sorghum and,
in an Order and Reasons dated November 1, 2002, found that Zen-
Noh also fully complied with its contractual obligations to

---

[1] Civil Action No. 02-1185, R. Doc. 50, Order and Reasons
dated Sep. 12, 2002.

2

Portimex for the second shipment.[2]  Accordingly, the Court entered judgment against Portimex and dismissed its complaint with prejudice on November 6, 2002.  Portimex filed a Notice of Appeal on November 20, 2002 but later voluntarily dismissed its appeal.

On February 10, 2004, Portimex sued Zen-Noh in the Sixth District Court for Civil Matters of the Federal District of Mexico.  Zen-Noh was served with the complaint on May 10, 2005 and filed a motion in this Court for a preliminary and permanent injunction on May 24, 2005.  On June 7, 2005, the Court granted Zen-Noh's motion and preliminarily and permanently enjoined Portimex, its principals and agents from pursuing the Mexican lawsuit.  On June 21, 2005, the Court amended its judgment to explicitly order Portimex to dismiss the lawsuit by June 28, 2005.

On June 29, 2005, Zen-Noh moved to hold Portimex in civil contempt because Portimex failed to comply with the Court's order to dismiss the Mexican action.  On that same day, the Court ordered Portimex to show cause why it should not be held in civil contempt, fined $10,000 for each day it fails to comply with the Court's order, and ordered to indemnify Zen-Noh for the expenses

---

[2] Civil Action NO. 02-1185, R. Doc. 105, Order and Reasons dated Nov. 1, 2002.

3

of the contempt motion, as well as attorneys' fees, costs, or judgments Zen-Noh incurs as a result of Portimex's failure to comply with the Court's order.

On July 1, 2005, the Court held a hearing on Zen-Noh's motion.  In response to the Court's order to show cause, Portimex produced what it represents is a dismissal of the Mexican action with prejudice, which is dated June 28, 2005 and file stamped by the Mexican court June 29, 2005, the day after the date specified for dismissal in the Court's order.[3]  Zen-Noh, however, asserts that the Mexican court denied Portimex's dismissal because the person who signed the dismissal lacked authority to do so.  Zen-Noh therefore contends that Portimex has not effectively dismissed the Mexican action.

## II.  DISCUSSION

The Fifth Circuit "has defined a civil contempt sanction as one whose purpose is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation."  *Quilling v. Funding Res. Group*, 227 F.3d 231, 234 (5th Cir. 2000) (citation omitted); *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990).  Because the Court is considering whether to impose contempt sanctions to coerce

---

[3] Portimex contends that this stamp was an error by its Mexican counsel.

4

Portimex to comply with the Court's order and to compensate Zen-Noh for any violation of the Court's order, any contempt sanction that may be imposed in this matter is civil.

**A.   Whether Portimex Should Be Held in Contempt**

A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence that: 1) a court order was in effect; 2) the order required certain conduct by the respondent; and 3) the respondent failed to comply with the court's order. *Am. Airlines v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (2000). "Willfulness is not an element of civil contempt." *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). In a civil contempt action, proof of contempt must be "clear and convincing." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).

The Court finds that Zen-Noh has carried its burden to show by clear and convincing evidence that Portimex is in contempt of the Court's order. The Court's judgment of June 7, 2005 enjoined Portimex from prosecuting the Mexican action. As a clarification, the Court's amended judgment of June 21, 2005 explicitly ordered Portimex to dismiss the Mexican lawsuit by June 28, 2005. These orders are in effect and required certain conduct by Portimex. Portimex has failed to comply with the Court's order because it did not effectively dismiss the Mexican

5

suit by June 28, 2005.  On its face, Portimex's purported motion
to dismiss the action does not comply with the Court's order
because it was file stamped by the Mexican court on June 29,
2005.  Portimex contends, without support, that this was an error
by its Mexican counsel.  In any event, Zen-Noh provided an
statement from its counsel in Mexico that the Mexican court
denied Portimex's attempt to dismiss the action because of an
absence of authority by the person who signed the dismissal, and
therefore the dismissal is not effective.  Finally, it appears to
be undisputed that the Mexican court must ratify Portimex's
dismissal, which indicates that the dismissal is not actually
effective until some time after Portimex files it.  In that case,
Portimex's filing of a dismissal on June 28 or June 29, 2005
would not in any event have been in sufficient time to comply
with the Court's order.  Accordingly, the Court finds that
Portimex has failed to comply with the Court's order that it
dismiss the Mexican action with prejudice by June 28, 2005, and
it holds Portimex in contempt.

**B.   Appropriate Sanctions for Civil Contempt**

Having found that by clear and convincing evidence that
Portimex is in contempt of the Court's order that Portimex
dismiss the Mexican lawsuit by June 28, 2005, the Court turns to
what sanctions should be imposed.  The Court concludes that two

civil contempt sanctions are appropriate to coerce Portimex to comply with the Court's order and to compensate Zen-Noh for expenses it incurs as a result of Portimex's violation.

First, beginning July 6, 2005, the Court imposes on Portimex a fine of $10,000 a day for each day that Portimex continues to be in non-compliance with the Court's June 21, 2005 order that it dismiss the Mexican action with prejudice.  To purge itself of contempt and avoid the fine, Portimex must provide proof to the Court that the Mexican court has in fact dismissed Portimex's action against Zen-Noh with prejudice by the close of business on July 5, 2005.

The Fifth Circuit has held that to determine the appropriate amount for this kind of per diem civil contempt sanction, the Court should consider: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order.  *Lamar Fin. Cop.*, 918 F.2d at 567.  The Court has considered these factors and finds that $10,000 per day is an appropriate fine.  Portimex is seeking six million in damages in the Mexican suit, which exposes Zen-Noh to a risk of significant harm from non-compliance and indicates that a substantial fine is necessary to be effective.  Further, the Court's order was clear

7

and Portimex's delay in even attempting to comply with the
Court's order appears to be willful.  The fine, although not
compensatory, is civil because its purpose is to coerce Portimex
to comply with the Court's order and because Portimex has the
opportunity to purge itself of contempt through compliance.  *See
Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821,
829 (1994).

Second, the Court also finds that it is appropriate to
impose a compensatory sanction for civil contempt on Portimex.
Compensatory civil contempt sanctions may be employed to
"reimburse[] the injured party for the losses and expenses
incurred because of his adversary's noncompliance."  *Am.
Airlines*, 228 F.3d at 585 (citation omitted).  The Court has
broad discretion in a civil contempt proceeding to assess damages
to compensate for damage sustained by noncompliance with its
order.  *See id*.  The Court finds that it is appropriate in this
case to require Portimex to compensate Zen-Noh for any expenses
Zen-Noh incurred as a result of Portimex's failure to comply with
the Court's order to dismiss the Mexican action.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's
motion and finds that Portimex is liable for civil contempt for
violating this Court's order of June 21, 2005.  The Court

8

therefore ORDERS that if Portimex does not provide proof to the
Court that the Mexican court has in fact dismissed Portimex's
action against Zen-Noh with prejudice by July 5, 2005, Portimex
shall pay $10,000 for each day it continues to be in non-
compliance with the Court's June 21, 2005 order, beginning on
July 6, 2005, until such proof is supplied.  The Court further
ORDERS that Portimex pay to Zen-Noh its attorneys' fees and costs
in bringing the contempt motion and indemnify Zen-Noh for any
fees, costs or judgments it incurs or must pay as a result of
Portimex's failure to dismiss the Mexican action.

Zen-Noh shall brief and provide support for the amount of
expenses it occurred in bringing this contempt motion by July 13,
2005.  Portimex may file an opposition by July 20, 2005, and the
Court will thereafter determine the amount due.

New Orleans, Louisiana, this <u>1st</u> day of July, 2005.


Sarah Vance
_____
        SARAH S. VANCE
UNITED STATES DISTRICT JUDGE