UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMMERCIALIZADORA PORTIMEX,  CIVIL ACTION
S.A. DE C.V.
                             NO: 02-1185
VERSUS

ZEN-NOH GRAIN CORPORATION    SECTION: "R" (1)

**ORDER AND REASONS**

Before the Court is defendant Zen-Noh Grain Corporation's motion for compensatory sanctions. Plaintiff Comercializadora Portimex, S.A. de C.V. opposes the motion. For the reasons stated below, the Court GRANTS Zen-Noh's motion in part and DENIES the motion in part.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The following background facts concerning this action are drawn from the Court's earlier opinions in this case. Comercializadora Portimex, S.A. de C.V.[1] is a Mexican corporation

---

[1] Although Portimex is identified in its initial complaint as Commercializadora Portimex, S.A. de C.V., it asserts that the proper spelling of its name is Comercializadora Portimex, S.A. de

engaged in the importation of grain, including sorghum.  Zen-Noh Grain Corporation is a Louisiana corporation that exports grain, including sorghum, from its grain elevator on the Mississippi River in Convent, Louisiana.  In two separate contracts, Portimex agreed to buy, and Zen-Noh agreed to sell, two shipments of sorghum.  Because Portimex intended to sell the sorghum for use as animal feed, the contracts specified that the sorghum contain a maximum 100 parts per billion of zearlenone, to be certified by an independent laboratory.  Zearlenone is a mycotoxin, a by-product of mold, that can cause harm to animals if ingested.

On April 19, 2002, Portimex filed a lawsuit in this Court against Zen-Noh.  Portimex alleged that Zen-Noh breached both contracts by delivering sorghum with zearlenone in excess of the contractual limit.  On September 12, 2002, the Court granted defendant's motion for summary judgment as to the first shipment of sorghum, finding that Zen-Noh fully complied with its contractual obligations.  *See Commercializadora Portimex, S.A. de C.V. v. Zen-Noh Grain Corp.*, No. Civ.A. 02-1185, 2002 WL 31040167 (E.D. La. Sept. 12, 2002).  The Court held a three-day trial on Portimex's claims regarding the second shipment of sorghum and, in an Order and Reasons dated November 1, 2002, found that Zen-

---

C.V.  (*See* Rec. Doc. 169, at 1).

Noh also fully complied with its contractual obligations to Portimex for the second shipment.  *See Commercializadora Portimex, S.A. de C.V. v. Zen-Noh Grain Corp.*, No. Civ.A. 02-1185, 2002 WL 31465891 (E.D. La. Nov. 1, 2002).  Accordingly, the Court entered judgment against Portimex and dismissed its complaint with prejudice on November 6, 2002.  Portimex filed a Notice of Appeal on November 20, 2002, but it later voluntarily dismissed the appeal.

On December 19, 2002, Portimex filed a lawsuit against Thionville Laboratories, Inc., the laboratory that Zen-Noh hired to test the zearlenone levels in the two shipments of sorghum, in Louisiana state court.  Portimex asserted claims based on negligence, breach of contract, violation of the Louisiana Unfair Trade Practices Act, breach of the covenant of good faith and fair dealing, detrimental reliance, and intentional or negligent misrepresentation.  Thionville filed a third-party complaint in the state court against Zen-Noh.  Zen-Noh removed the case to this Court, asserting, *inter alia*, that this Court had supplemental jurisdiction over the claims in the *Thionville* action because they were related to the claims in this case.  On June 14, 2004, this Court remanded the *Thionville* case to the state court for lack of federal jurisdiction.  *See Commercializadora Portimex, S.A. de C.V. v. Thionville Labs.,*

*Inc.*, No. Civ.A. 03-3635, 2004 WL 1336407 (E.D. La. June 14, 2004).

On February 10, 2004, Portimex sued Zen-Noh in the Sixth District Court for Civil Matters of the Federal District of Mexico.  In the Mexican action, Portimex asserted essentially the same contract claims against Zen-Noh that were the subject of this action.  Zen-Noh was served with the complaint on May 10, 2005 and filed a motion in this Court for a preliminary and permanent injunction on May 24, 2005.  On June 7, 2005, the Court granted Zen-Noh's motion and preliminarily and permanently enjoined Portimex, its principals and its agents from pursuing the Mexican lawsuit.  *See Commercializadora Portimex, S.A. de C.V. v. Zen-Noh Grain Corp.*, 373 F. Supp. 2d 645 (E.D. La. 2005).  When Portimex refused to dismiss the Mexican action immediately, Zen-Noh moved to hold Portimex in contempt.  On June 21, 2005, the Court amended its injunction to explicitly order Portimex to dismiss the Mexican lawsuit by no later than June 28, 2005.  (*See* Rec. Docs. 136, 137).

On June 29, 2005, Zen-Noh again moved to hold Portimex in civil contempt because Portimex failed to comply with the Court's order to dismiss the Mexican action.  On that same day, the Court ordered Portimex to show cause why it should not be held in civil contempt, fined $10,000 for each day it failed to comply with the

4

Court's order, and ordered to indemnify Zen-Noh for the expenses of the contempt motion, as well as attorneys' fees, costs, or judgments Zen-Noh incurred as a result of Portimex's failure to comply with the Court's order. (*See* Rec. Doc. 143). In response to the Court's order to show cause, Portimex produced a document, which it had filed in the Mexican court, that requested a dismissal of the Mexican action with prejudice. The document was dated June 28, 2005 and file stamped by the Mexican court June 29, 2005, the day after the date specified for dismissal in the Court's order. Zen-Noh, however, provided a statement from its counsel in Mexico that the Mexican court had denied Portimex's attempt to dismiss the action because of a lack of authority by the person who signed the dismissal.

Because Portimex failed to comply with the Court's order that it dismiss the action with prejudice by June 28, 2005, on July 1, 2005, the Court held Portimex in civil contempt. The Court ordered Portimex to pay a fine of $10,000 for each day it continued to be in noncompliance with the Court's order, beginning on July 6, 2005, until Portimex supplied proof that the Mexican action had been dismissed. The Court also ordered Portimex to pay to Zen-Noh the attorneys' fees and costs it incurred in bringing the second contempt motion and to indemnify Zen-Noh for any fees or expenses it incurred as a result of

Portimex's non-compliance with the Court's June 21, 2005 order to dismiss the Mexican action.  (*See* Rec. Doc. 146, at 8).

On July 15, 2005, Portimex moved to amend the Court's July 1, 2005 order.  Portimex asserted that it had timely filed the documents necessary to dismiss the Mexican action by July 1, 2005, but that because of unique procedural formalities applicable in the Mexican courts, the Mexican court might not finalize the dismissal for a period of one or two months.  Accordingly, Portimex asked that the Court's July 1, 2005 order be amended to provide that Portimex would be subject to a fine of $10,000 per day only for each day that Portimex delayed in taking some action required to dismiss the Mexican action, not for each day until the Mexican court formally dismissed the action.

By order dated August 16, 2005, the Court denied Portimex's motion as premature.  (*See* Rec. Doc. 166).  The Court stated that it recognized that the dismissal of the Mexican case was in the hands of the Mexican court, but that Portimex was still required to comply with the Court's July 1, 2005 order and provide the Court with proof that the Mexican action was dismissed.  Once it did so, the Court stated, Portimex could seek relief from the fine ultimately imposed by the Court.[2]  In its August 16, 2005

---

[2]The Court notes that Portimex never provided the Court with proof that the Mexican action was finally dismissed until it

order, the Court also awarded to Zen-Noh attorneys' fees in the amount of $13,727.50 for the costs of prosecuting its second contempt motion.

Zen-Noh now moves for an order awarding it compensatory sanctions for all of the attorneys' fees and expenses that it incurred in the defense of the Mexican litigation.

## II. DISCUSSION

To consider properly Zen-Noh's present motion, the Court must first determine whether the relief Zen-Noh seeks is envisioned by the Court's July 1, 2005 order, which held Portimex in civil contempt for its failure to dismiss the Mexican action with prejudice by June 28, 2005. As noted above, in its July 1, 2005 order, the Court found that it was appropriate to require Portimex to compensate Zen-Noh for costs it incurred as a result of Portimex's failure to timely dismiss the Mexican action. The Court stated:

---

filed its opposition brief to this motion. Attached to that brief is an order of dismissal from the Mexican court, which shows that the action was dismissed on August 24, 2005. (*See* Rec. Doc. 169, Ex. B). Zen-Noh has filed a separate motion to determine the size of the fine to be levied against Portimex for its failure to have the Mexican action dismissed by July 5, 2005. In that motion, Zen-Noh confirms its understanding that the Mexican action was dismissed on August 24, 2005. Portimex has not yet responded to that motion, and that motion will be addressed in a separate order.

> [T]he Court also finds that it is appropriate to impose a compensatory sanction for civil contempt on Portimex.  Compensatory civil contempt sanctions may be employed to "reimburse[] the injured party for the losses and expenses incurred because of his adversary's noncompliance."  The Court has broad discretion in a civil contempt proceeding to assess damages to compensate for damage sustained by noncompliance with its order.  The Court finds that it is appropriate in this case to require Portimex to compensate Zen-Noh for any expenses Zen-Noh incurred as a result of Portimex's failure to comply with the Court's order to dismiss the Mexican action.

(*See* Rec. Doc. 146, at 8 (internal citations omitted)).  As part of this sanction, the Court has already ordered that Portimex pay Zen-Noh's attorneys' fees related to the filing of Zen-Noh's second motion for contempt.  (*See id.* at 9).  The attorneys' fees due Zen-Noh for its second contempt motion were quantified in the Court's August 16, 2005 order, but, until this motion, Zen-Noh had never sought to quantify the remaining sanctions to which it was entitled under the Court's July 1, 2005 order.

The Court finds that Zen-Noh is entitled to fees and expenses under the terms of the Court's July 1, 2005 order only to the extent that they were incurred by reason of Portimex's failure to comply with the Court's order requiring it to dismiss the Mexican action by June 28 2005.  Thus, the Court finds that Zen-Noh is entitled to recover any attorneys' fees or expenses

8

that it reasonably incurred in connection with the Mexican action between June 29, 2005 and August 24, 2005, the date on which that action was finally dismissed by the Mexican court, less any fees already awarded.

The Court is cognizant that Portimex asserts that it took all of the steps necessary to dismiss the Mexican action by July 1, 2005 and that the delay in dismissing the Mexican action after that date was due to the unique procedural requirements of Mexican law.  The Court nevertheless finds that Portimex must reimburse Zen-Noh for its attorneys' fees and expenses through the date on which the action was actually dismissed.  Portimex was initially enjoined from prosecuting the Mexican action on June 7, 2005.  Immediately after the injunction was issued, Zen-Noh's U.S. counsel wrote Portimex's U.S. counsel and sought assurances that Portimex would dismiss the Mexican action, to no avail.  (*See* Rec. Doc. 141, Exs. A, B).  On June 21, 2005, the Court amended the injunction to expressly require that Portimex dismiss the Mexican action by June 28, 2005.  (*See* Rec. Doc. 136).  On June 22, 2005, Zen-Noh's counsel again requested immediate proof that Portimex had dismissed the Mexican action.  (*See* Rec. Doc. 141, Ex. C).  Still, Portimex took no action until either June 28 or June 29, at which point it filed an ineffective dismissal with the Mexican court.  Only after this Court held it

9

in contempt did Portimex finally take the steps necessary to dismiss the action.

As the foregoing chronology demonstrates, much of the delay in dismissing the Mexican action was caused by Portimex's own foot-dragging.  Thus, notwithstanding that some later delay was caused by the requirements of Mexican procedure that were beyond Portimex's control, Portimex had ample opportunity to act sooner to dismiss the action and to prevent Zen-Noh from incurring additional attorneys' fees and expenses.  It failed to do so. The Court therefore finds that it is appropriate to award Zen-Noh attorneys' fees attorneys' fees that it incurred in connection with the Mexican action from June 29, 2005 through August 24, 2005.

Zen-Noh's current request for compensatory sanctions goes beyond those fees and expenses encompassed by the Court's July 1, 2005 order, however.  Instead, Zen-Noh argues that it is entitled to recover for *all* of the fees and expenses it incurred in connection with the Mexican action, including those incurred before the Court-imposed June 28, 2005 deadline for dismissing the action.  Zen-Noh asserts that such sanctions are appropriate because Portimex's counsel failed to disclose the existence of the Mexican litigation to this Court in early 2004 when the Court was considering Portimex's motion to remand the *Thionville*

action, which Zen-Noh, a third-party defendant, had removed to this Court.

The Court first notes that Zen-Noh has raised this very argument in at least two other briefs before the Court. (*See* Rec. Doc. 154, at 4-5; Rec. Doc. 159, at 2-3). Although the Court has not expressly rejected the argument that sanctions are appropriate for counsel's failure to disclose the Mexican action in early 2004, that argument is implicitly foreclosed by this Court's July 1, 2005 and August 16, 2005 orders. Those orders imposed sanctions based only on Portimex's failure to comply with an explicit order of this Court, not on Portimex's failure to disclose the existence of the Mexican action earlier.

Moreover, several additional considerations counsel against imposing such broad sanctions here. First, although Zen-Noh argues that the existence of the Mexican action was undisputably material to the Court's consideration of its own jurisdiction in the *Thionville* action, this assertion is at least debatable. The issue before the Court in the *Thionville* action was whether the Court had a basis for exercising jurisdiction over the removed state court action. The filing of the Mexican action would have no bearing on the Court's resolution of the issues before it in that case. While it is true that disclosure of the Mexican action in early 2004 would have permitted Zen-Noh to seek an

11

anti-suit injunction at that time in this case, which might ultimately have prevented Zen-Noh from having to later incur attorneys' fees preparing an answer to the Mexican action, the Court is loathe to conclude that counsel necessarily had a duty to disclose the filing of the Mexican action to the Court in connection with the distinct, though related, *Thionville* action. Second, Portimex's U.S. counsel has submitted an affidavit to the Court stating that he was unaware of the Mexican action until May 2005.  (*See* Rec. Doc. 169, Ex. A).  As Zen-Noh has not produced any evidence to suggest otherwise, the Court accepts counsel's representation that he was unaware of the Mexican action in early 2004.  Third, although Zen-Noh is correct that the Court had implied that it might be willing to issue an anti-suit injunction barring duplicative litigation before the Mexican action was filed,[3] the filing of the Mexican action did not technically violate any existing order of the Court.  For these reasons, the Court declines to impose additional sanctions on Portimex.  *See Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2000) (noting that court's inherent power to impose sanctions "'must be used with great restraint and caution'" (quoting *Natural Gas*

---

[3]*See Commercializadora Portimex, S.A. de C.V. v. Zen-Noh Grain Corp.*, No. Civ.A. 02-1185, 2002 WL 31697710, at *2 (E.D. La. Dec. 3, 2002).

*Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996))).

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Zen-Noh's motion for compensatory sanctions in part and DENIES the motion in part. Zen-Noh shall submit to the Court documentation to support its claim for fees and expenses by February 17, 2006. Portimex may file a response by February 24, 2006, and the Court will thereafter determine the amount due.

New Orleans, Louisiana, this __8th__ day of February, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE